**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

VIVIAN YATES, individually and on behalf of
all others similarly situated

      Plaintiff,

v.                                                                   CASE NO.:

CONSUMER   ADJUSTMENT   COMPANY,
INC.

      Defendant.

                                  /

## CLASS ACTION COMPLAINT

1.     The Telephone Consumer Protection Act of 1991 prohibits businesses like Defendant, Consumer Adjustment Company, Inc., ("CACi" "Defendant") from using an automatic telephone dialing system or prerecorded voice message to call a cellular telephone number without the recipient's express consent.

2.     CACi used a prerecorded message to call Vivian Yates ("Plaintiff") on her cell phone but never obtained her requisite consent.  Plaintiff never had any relationship with CACi and never owed them any money.

## INTRODUCTION

3.     Vivian Yates ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), brings this action for damages and injunctive relief against Consumer Adjustment Company, Inc., ("CACi" "Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for entities for negligently or intentionally contacting Plaintiff and Class members on their cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA").

4.      Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

5.      The United States Congress enacted the TCPA in order to eliminate abuse and to prevent unauthorized calls from creditors and telemarketers in order to protect the privacy of consumers. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

6.      The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.

7.      In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. To this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC,* 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

8.      Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." *Id*. at §§ 12-13. *See also, Mims,* 132 S. Ct. at 744.

9.      As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions.  A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call.  An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

10.     To state a claim for a violation of the TCPA, a plaintiff must only show that he or she received a call made using an ATDS or featuring a prerecorded voice; "[c]onsent is an affirmative defense to liability under the TCPA." *Cartrett v. Time Warner Cable, Inc.*, 157 F. Supp. 3d 448 (E.D. N.C. January 14, 2016); *See also Meyer v. Portfolio Recovery Assocs.*, LLC, 707 F.3d 1036, 1042 (finding Defendant "did not show a single instance where express consent was given before the call was placed.")

11.     While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

12.     All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

13.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

14.      Plaintiff brings this case as a class action seeking damages for herself and all others similarly situated.

## JURISDICTION AND VENUE

15.     The Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case arises out of violation of federal law: the TCPA.

3

16.     Because Defendant is headquartered in this District and conducts business within the State of Missouri, personal jurisdiction is established.

17.     Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained herein occurred within this judicial district; and (ii) Defendant is headquartered in this judicial district and conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

18.     Plaintiff is, and at all times mentioned herein was, a natural person and resident of the County of Hillsborough, State of Florida.

19.     Defendant is, and all times mentioned herein was, a corporation formed under the laws of the State of Missouri and holds its principal place of business in the City of St. Louis, State of Missouri.

20.     Defendant is, and at all times mentioned was, a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

21.     Upon information and belief, Defendant regularly makes autodialed telephone calls to consumers and telephone calls using a prerecorded message in order to collect a debt.

22.     Plaintiff is and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—813-777-XXXX.

23.     At no point did Plaintiff provide authorization to receive autodialed calls or prerecorded messages on her cellular telephone from Defendant.

4

24.     Nonetheless, beginning September 2020, Defendant initiated debt collection telephone calls to Plaintiff's cellular telephone using a prerecorded message in violation of the TCPA.

25.     Defendant called Plaintiff using a prerecorded message on September 25, 2020, September 28, 2020, September 30, 2020, October 1, 2020 and October 2, 2020.

26.     The calls were annoying, invasive, aggravating, worrisome and time-consuming. Defendant contacted Plaintiff regarding an alleged debt owed to Defendant.  When Plaintiff answered the telephone, there was a prerecorded message which stated the following (or similar message,) "This is CACI calling. This is an attempt to collect a debt. Please call 877-449-4411".

27.     Plaintiff called the 877-449-4411 number back on October 2, 2020 and spoke with a representative from CACI who apologized and admitted they were calling a wrong number.

28.     Upon information and belief, Defendant has a policy and regular practice of placing calls, or knowingly sanctioning such calls, to consumers using a pre-recorded or automated voice and an ATDS.

29.     The TCPA clearly prohibits making non-emergency calls "using any [ATDS] or an artificial or prerecorded voice . . . to any telephone number assigned to a cellular telephone service" 47 U.S.C. § 227(b)(1)(A).  The statute provides for $500.00 in statutory damages for each negligent violation, *id.* § 227(b)(3)(B). However, if the court finds that the Defendant "willfully or knowingly" violated the TCPA, it can award up to $1,500 in statutory damages. *Id.*

30.     Plaintiff was personally affected by Defendant's actions. The call trespassed upon her normal life and Plaintiff was further frustrated and distressed that despite never having any contact with Defendant, the Defendant harassed Plaintiff with calls using an ATDS and/or pre-recorded voice.

31.     Defendant, upon information and belief, used an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

32.     Upon information and belief, Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

33.     Upon information and belief, Defendant's ATDS also has the capacity to and does, dial telephone numbers stored as a list or in a database without human intervention.

34.     Plaintiff's cellular telephone, which Defendant called, was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

35.     Receiving Defendant's unauthorized calls drained Plaintiff's phone battery and caused Plaintiff wear and tear on her phone and battery.

36.     The unwanted telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

37.      Plaintiff did not provide express consent to Defendant to receive calls on her cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

38.      Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

39.     Moreover, Plaintiff is informed and believes and here upon alleges, that Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for the Defendant's benefit, "willfully or knowingly" utilized a pre-recorded voice in conjunction with its ATDS in violation of well-established federal law prohibiting such conduct.

40.     As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

41.      Plaintiff seeks statutory damages and injunctive relief under 47 U.S.C § 227(b)(3).

## **STANDING**

42.     Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

    b. which is traceable to the conduct of Defendant; and

    c. is likely to be redressed by a favorable judicial decision.

See *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### **A.  The "*Injury in Fact*" Prong**

43.     In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

44.     Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo. Id.*

45.     For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012). In this case, Plaintiff was called on her cellular telephone by Defendant, who utilized a prerecorded message or artificial voice, without Plaintiff's authorized consent. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. Furthermore, Plaintiff was distracted and annoyed by having to take time to call back the number. All these injuries are concrete and *de facto.*

46.     For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo,* 578 U.S. at 1548. In this case, Defendant invaded Plaintiff's privacy and peace by calling her cellular phone using an ATDS and/or pre-recorded voice, without Plaintiff's consent. All of these injuries are particularized and specific to Plaintiff and will be the same injuries suffered by each member of the putative class.

### A. The *"Traceable to the Conduct of Defendant"* Prong

47.     The second prong required to establish standing at the pleadings phase is Plaintiff must allege facts to show that her injuries are traceable to the conduct of the Defendant.

48.     Here, the unwarranted phone calls described above are explicitly linked to Defendant. The prerecorded message identified the caller as CACI.   The phone number Plaintiff was asked to call on the recording was 877-449-4411, which is Defendant's phone number.  When Plaintiff returned the call, she spoke to a representative of CACI.  Therefore, Plaintiff has alleged facts that show her injuries are traceable to the conduct of Defendant.

### B. The "*Injury is Likely to be Redressed by a Favorable Judicial Opinion*"

49.     The third prong to establish standing at the pleading phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

50.     In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227 *et se*q. The statutory damages were set by Congress and specifically redress the financial and emotional damages suffered by Plaintiff.

51.     Furthermore, Plaintiff's Prayers for Relief include injunctive relief to restrain Defendant from the alleged practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future.

52.     Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo*, Plaintiff has standing to sue Defendant on the stated claims.

### <u>CLASS ACTION ALLEGATIONS</u>

53.     Plaintiff brings this lawsuit as a class action on behalf of herself and on behalf of all others similarly situated in the United States.

54.     Plaintiff represents, and is a member of the Class, consisting of:

> All persons or entities within the United States who (1) within four (4) years of the commencement of this action, (2) received a nonemergency telephone call from CACi  regarding a debt allegedly owed to CACi, (3) to a cellular telephone line, (4) through the use of an ATDS or an artificial or prerecorded voice (5) where CACi did not have express consent to call said cellular telephone number.

55.     Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the judge to this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

56.      Plaintiff reserves the right to redefine the Class as appropriate based on discovery and specific theories of liability.

57.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class members, and it expressly is not intended to request any recovery for personal injury claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted from facts learned in further investigation and discovery.

58.     **Numerosity:** The membership of the Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant called thousands of the proposed Class members nationwide, it is reasonable to presume that the proposed Class members are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court. Class members can be identified through Defendant's records or Defendant's agents' records.

59.     **Commonality:** There are common questions of law and fact as to Class members that predominate over questions affecting only individual members, including, but not limited to:

- Whether, within four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic communications to Class members (other than a message made

for emergency purposes or made with the prior express consent of the called party) using any ATDS or prerecorded voice to any telephone number assigned to a cellular phone service;

- Whether Defendant has, and continues to have, a policy during the relevant period, of making debt collection telephone calls to the Class members;

- Whether Defendant's policy or practice of utilizing an ATDS and/or prerecorded message to initiate telephone communications with Class members caused any damages to Class members thereby, and the extent of damages for such violations;

- Whether Defendant should be enjoined from engaging in such conduct in the future;

- Whether Defendant can meet its burden of showing Defendant obtained prior express written consent; and

- Whether Defendant's conduct was knowing and/or willful.

60.    **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff has had to suffer the burden of receiving at least one phone call to her cellular telephone from an ATDS and/or pre-recorded voice. Thus, her injuries are typical to Class Members. As it did for all members of the Class, Defendant used an ATDS and/or pre-recorded message to call Plaintiff's cellular telephone.

61.    Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and Class members via their cellular telephones for debt collection purposes by using an ATDS and/or prerecorded message, thereby causing Plaintiff and Class Members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and Class members previously paid. Plaintiff and Class Members were damaged thereby.

62.    **Adequacy:** Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom she is similarly situated, as demonstrated herein.

Plaintiff acknowledges that she has an obligation to make known to the Court any relationships, conflicts, or differences with any Class member.

63.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

64.     Plaintiff will vigorously pursue the claims of the members of the class.

65.     Plaintiff has retained counsel experienced and competent in class action litigation. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions such as the TCPA.

66.     Plaintiff's counsel will vigorously pursue this matter.

67.     Plaintiff's counsel will assert, protect and otherwise represent the members of the class.

68.     Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorney's fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class member.

69.     **Superiority:** A class action is the superior method for the fair and efficient adjudication of this controversy because:

    a.  Class-wide damages are essential to induce Defendant to comply with federal law.

    b.  The relatively small size of the individual Class members' claims, it is likely that only a few Class members could afford to seek legal redress for Defendant's misconduct.

    c.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

    d.  Absent a class action, most Class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

11

e. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

f. Absent a class action, Class members will continue to incur damages, and Defendant's misconduct will continue without remedy.

70.     The Class may also be certified because:

a. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudication, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the Class members, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## NEGLIGENT VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227, *ET SEQ.*

71.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

72.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

Case: 4:20-cv-01605-AGF   Doc. #: 1   Filed: 11/11/20   Page: 13 of 15 PageID #: 13


73.     As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

74.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### 47  U.S.C. § 227 ET SEQ.

75.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

76.     The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

77.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

78.     Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.


### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class members pray judgment be entered against Defendant, and be awarded damages from Defendant, as follows:

- Certify the Class as requested herein;

- Appoint Plaintiff to serve as the Class Representative in this matter;

- Appoint Plaintiff's Counsel as Class Counsel in this matter; and

- Provide such further relief as may be just and proper.

In addition, Plaintiff and the Class members pray for further judgment as follows against Defendant:

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATION OF THE TCPA

### 47 U.S.C. § 227, *ET SEQ.*

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future; and

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION

### FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA

### 47 U.S.C. § 227, ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future; and

- Any other relief this Court should deem just and proper.

### TRIAL BY JURY

77.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and Class members are entitled to, and demands, a trial by jury.

Respectfully submitted,

*/s/ D. Todd Mathews*
D. Todd Mathews, Esquire
Missouri Bar No.: 52502
The Gori Law Firm, PC
156 North Main Street
Edwardsville, IL  62025
Telephone: (618) 659-9833
Facsimile: (618) 659-9834
todd@gorilaw.com


/s/*Heather H. Jones*
Heather H. Jones, Esq. *(pending pro hac vice admission)*
Florida Bar No. 0118974
The Consumer Protection Firm, PLLC
401 East Jackson Street, Suite 2340
SunTrust Financial Center
Tampa, FL  33602
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Heather@TheConsumerProtectionFirm.com